Kevin MURPHY, Plaintiff—Appellant,

v.

L. MORAN; et al., Defendants—
Appellees.

No. 01–16864.
D.C. No. CV–97–06230–REC.

United States Court of Appeals,
Ninth Circuit.

Submitted July 22, 2002 *.

Decided July 29, 2002.

Before BROWNING, KOZINSKI, and
BERZON, Circuit Judges.

MEMORANDUM **

Kevin Murphy, a California state prisoner, appeals pro se the district court's summary judgment for defendants in his 42 U.S.C. § 1983 action alleging denial of access to the courts and retaliation. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Barnett v. Centoni*, 31 F.3d 813, 815 (9th Cir.1994) (per curiam), and affirm.

Although Murphy has alleged actual injury, because the delay in providing access to legal materials was reasonably related to the legitimate penological interest of disciplining Murphy for rule violations, the district court properly granted summary judgment on Murphy's access-to-the-courts claim. *See Lewis v. Casey*, 518 U.S. 343, 361–62, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). Summary judgment on Murphy's failure to process legal mail claim was proper because Murphy did not allege actual injury. *See id.* at 349.

Because there was "some evidence" to support the decisions to restrict Murphy's access to the library, and because the restrictions served the legitimate penological purpose of maintaining prison discipline, the district court properly granted summary judgment on Murphy's retaliation claim. *See Barnett,* 31 F.3d at 816.

We reject Murphy's remaining contentions on appeal.

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, Murphy's request for oral argument is denied.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.